UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
ASHFORD FINANCE LLC,

                          Plaintiff,

        - against -                                    MEMORANDUM
                                                       OPINION & ORDER

                                                       09 Civ. 7975 (RLE)
ANHUI TECHNOLOGY IMPORT AND EXPORT
CO., LTD , et al.,

                          Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/22/10

**RONALD L. ELLIS, United States Magistrate Judge:**

Interpleader Plaintiff Ashford Finance LLC ("Ashford") commenced this statutory interpleader action under 28 U.S.C. § 1335 on September 17, 2009. The parties consented to jurisdiction by the undersigned on May 4, 2010. On October 12, 2010, the parties appeared at a settlement conference, during which the Court directed Ashford to deposit the funds at issue with the Court registry by noon on October 13, 2010. The following morning, Ashford filed a notice of voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Interpleader Defendants BLB Holdings LLC and Louie Louie LLC (collectively, "BLB") filed a motion to vacate Ashford's dismissal on October 14, 2010. For the following reasons, BLB's motion is **DENIED**.

## I. Background

Ashford filed this action against BLB, Anhui Technology Import and Export Co. Ltd., and China Export & Credit Insurance Corporation. Settlements were negotiated with all Defendants except for BLB, which has not filed an Answer. Despite designating the case as an Interpleader action, Ashford did not deposit the disputed funds, $220,950.36, into the Court's

registry. Ashford contended that the money was owed either to BLB or to Coface Credit Management North America, Inc., the later which it did not designate as a party to this action. (Plaintiff's Status Report, ECF 19.) Ashford also contended that it was entitled to attorney's fees and costs associated with the action. After an unsuccessful attempt to get the parties to settle Ashford's claim for attorney's fees and costs at the October 13, 2010 conference, the Court directed Ashford to deposit the interpleaded funds with the Court by noon the following day, and indicated that the Court would decide the fate of the funds. The next morning, Ashford moved to voluntarily dismiss this action. BLB's motion followed.

## II. Discussion

BLB argues that Rule 41(a)(1)(A)(i) should not be interpreted to allow Ashford "to unilaterally dismiss the action, given all the time that has passed, all the activity that has occurred, the advanced stage of the case, and [Ashford's] failure to honor its obligations and promises to pay the interpleaded funds into court." (BLB's October 14, 2010 Letter, at 1.) Despite BLB's understandable frustration with Ashford's actions, Ashford is entitled to a voluntary dismissal because no answer or motion for summary judgment has been filed. Indeed, it appears that the Court does not have jurisdiction to enter the order that BLB seeks.

Under the interpleader statute, a condition of jurisdiction is that the stake holder deposit with the registry of the court the money that is subject of the multiple claims. 28 U.S.C. § 1335(a)(2); *see Metal Transp. Corp. V. Pac. Venture S.S. Corp.*, 288 F.2d 363, 365 (2d Cir. 1961); *Coopers & Lybrand, L.L.P. v. Michaels*, No-CV-5643, 1995 WL 860760, at *9 (E.D.N.Y. Oct. 31, 1995); *Federal Insurance Co. V. Tyco International Ltd.*, 422 F. Supp. 2d 357, 396 (S.D.N.Y. 2006). Because the deposit of funds is jurisdictional, and despite the fact that Ashford has maintained this case for thirteen months, the case was never properly presented as an

interpleader.

Even if jurisdiction were proper, this Court would not vacate Ashford's voluntary dismissal. Rule 41(a)(1)(A)(i) permits a plaintiff to dismiss an action by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." The Second Circuit has observed that "a plaintiff who has not been served with an answer or motion for summary judgment has an 'unfettered right voluntarily and unilaterally to dismiss an action.'" *Wolters Kluwer Financial Services V. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009) (quoting *Thorp v. Scarne*, 599 F.2d 1169, 1175 (2d Cir. 1979)). The court in *Wolters* noted that as "long as the plaintiff has brought himself within the requirements of Rule 41, his reasons for wanting to [dismiss] . . . are not for us to judge." *Id.* (quoting *Thorp*, 599 F.2d at 1177 n. 10). There is no question that Ashford has wasted judicial resources and caused other parties to incur attorney's fees and expenses. Moreover, the timing of its voluntary dismissal raises some questions concerning its good faith. The fact remains, however, that BLB did not file an answer or a motion for summary judgment, and Ashford retained its right to voluntarily dismiss the action.

Notwithstanding the issues concerning jurisdiction, this case should be considered voluntarily dismissed under Rule 41(a)(1)(A), subjecting Ashford to the provisions of Rule 41(d). Accordingly, BLB's motion is **DENIED**, and the Clerk of the Court is directed to close this case.

**SO ORDERED this 22nd day of October 2010**
**New York, New York**

*/s/ Ronald L. Ellis*
**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**